# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHNNY VANCE ALLEN,** a person<br><br>Plaintiff,<br><br>vs.<br><br>**COUNTY OF SONOMA**, a government entity; **SONOMA COUNTY SHERIFF'S OFFICE**, a governmental entity; **KYLE PETERSON**, a person; **TRENT HARDEMAN**, a person; **LAWRENCE MATELLI**, a person; and **TWENTY UNKNOWN AGENTS OF THE COUNTY OF SONOMA** and/or **SONOMA COUNTY SHERIFF'S OFFICE**<br><br>Defendants. | CASE NO. 17-cv-00448-YGR<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiff Johnny Vance Allen brings this action against the County of Sonoma, Sonoma County Sheriff's Office, Kyle Peterson, Trent Hardman, and Lawrence Matelli, *et al*., alleging violations of federal constitutional rights under the Fourth Amendment (Claim 1) and Fourteenth Amendment (Claim 2); California constitutional rights (Claim 3); and state tort law for battery (Claim 4), false arrest and imprisonment (Claim 5), intentional infliction of emotion distress (Claim 6), and negligence (Claim 7). (Dkt. No. 32, First Amended Complaint ("FAC").) Defendants move to dismiss plaintiff's claims arising from alleged violations of the Fourteenth Amendment (Claim 2), the California constitution (Claim 3), and all claims as to defendant Matelli. (Dkt. No. 33.).[1] Having carefully considered the pleadings and the written arguments of

---

[1] Accordingly the motion does not challenge the claims for violations of the Fourth Amendment (Claim 1), state tort law for battery (Claim 4), false arrest and imprisonment (Claim

United States District Court
Northern District of California

the parties, the Court hereby **GRANTS** defendants' motion to dismiss as to Claims 2 and 3 with leave to amend. The Court **DENIES** defendants' motion as to Matellli on Claims 1, 4, 5, 6 and 7. Claims 2 and 3 against Matelli are **DISMISSED** with leave to amend.

**I.    FACTUAL BACKGROUND AS ALLEGED**

Allen alleges that he was relaxing in his home on November 25, 2015, when the trailer next to his rental unit "burst into flames." (FAC ¶ 15.) Allen ran out of his trailer, yelling to warn his landlords and neighbors. (*Id*.) Within five minutes, "fire crews arrived on the roadway outside the property." (*Id.* ¶ 16.) Plaintiff avers that he remained in the roadway after the fire crew arrived because he did not have access to his property. (*Id.*) An unnamed fire chief invited Allen to sit in the fire truck, which he did. (*Id.*) Allen alleges that Sonoma County Sheriff's Deputies Peterson, Hardeman and Matelli (collectively "County Deputies") approached the truck and asked plaintiff "if he was okay." (*Id*. ¶ 17.) Plaintiff allegedly attempted to shake hands with the County Deputies, but when none would take his hand he felt offended and used the phrase "'you don't want to shake my hand, f\*\*k you all,' or something to that effect." (*Id*.)

According to plaintiff, Peterson then asked Allen if he lived "where the fire was burning." (*Id*. ¶ 18.) When Allen stepped forward and replied in the affirmative, Peterson "quickly exclaimed 'back up.'" (*Id.*) Plaintiff avers that "[w]ithin approximately three seconds," Peterson grabbed Allen's hand and put him under arrest. (*Id*.) "Within another second or two," Hardeman grabbed Allen's other hand to assist in the arrest and plaintiff fell to the ground screaming in pain. (*Id*.) Allen was then taken to patrol car and "forcibly thrown in head first." (*Id.* ¶ 19.) As Allen protested, an unknown agent "bent down and punched Plaintiff several times in the face." (*Id*.) Plaintiff was driven to a jail operated by the County of Sonoma, and confined for six days until his arraignment on December 1, 2015. (*Id*. ¶ 20.)

Allen alleges that defendants attempted to insulate themselves from civil liability for their misconduct by "intentionally and maliciously initiating, urging, supporting and pursuing the

---

5), intentional infliction of emotional distress (Claim 6), or negligence (Claim 7) except to the extent that these claims are asserted against Matelli as discussed herein.

2

1 prosecution of Plaintiff for crimes they knew or should have known he did not commit." (*Id*. ¶ 22.) He further alleges that the County Deputies made false statements in their arrest reports. (*Id*. ¶ 23.) Specifically, Allen avers that Hardeman's statements regarding plaintiff's "'constant yelling' and 'aggressive behavior'" are "pure fantasy." (*Id*.) On December 1, 2015, the District Attorney issued a misdemeanor complaint and plaintiff was arraigned in the Sonoma County Superior Court, pleading not guilty. (*Id*. ¶ 25). Thereafter, the District Attorney dismissed the case. (*Id*. ¶ 26).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678–79. Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## III. DISCUSSION

### A. Second Claim: Malicious Prosecution under 42 U.S.C. 1983

Defendants move to dismiss Allen's Second Claim for malicious prosecution under the Fourteenth Amendment and Section 1983. The Ninth Circuit has held that "the general rule [in this circuit] is that a claim of malicious prosecution is generally not cognizable under 42 U.S.C. § 1983 if process is available within the state judicial system to provide a remedy." *Usher v. City of Los Angeles*, 828 F.2d 556, 561–62 (9th Cir. 1987) (citing *Bretz v. Kelman,* 773 F.2d 1026, 1031 (9th Cir.1985) (en banc); *Cline v. Brusett,* 661 F.2d 108, 112 (9th Cir.1981)). "However, 'an

3

exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights.'" *Id.* (quoting *Bretz,* 773 F.2d at 1031; *Cline,* 661 F.2d at 112); *see also Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (absence of probable cause, malice and a violation of a specific constitutional right are necessary elements of a Section 1983 malicious prosecution claim); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). In "order to prevail on a 1983 claim of malicious prosecution, a plaintiff must show that the defendants prosecuted with malice and without probable cause, and that they did so for the purpose of denying equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *see also Usher*, 828 F.2d at 561–62.

Here, California law provides a remedy for claims of malicious prosecution. *See Cedars-Sinai Med. Ctr. Center v. Superior Court*, 206 Cal. App. 3d 414, 417 (1988). Thus, while the Court need not determine whether a separate claim under the exception articulated by *Usher* exists, the Court provides the following guidance: "[m]alicious prosecution consists of initiating or procuring the arrest and prosecution of another under lawful process, but from malicious motives and without probable cause." *See* California Civil Jury Instructions (CACI) § 1500. The FAC alleges that defendants "initiated criminal prosecution against the Plaintiff by forwarding a recommendation to the office of the Sonoma County District Attorney that Plaintiff be prosecuted." (FAC ¶ 39.) Allen further avers that defendants "lacked probable cause to initiate criminal prosecution" and "acted maliciously, or for a purpose other than bringing Plaintiff to justice." (*Id.* ¶¶ 40, 43). According to plaintiff, defendants sought a criminal conviction in order to:

> escape the consequences of their own careless, wrongful, unlawful, capricious and arbitrary acts and omissions with respect to [Allen], thereby sacrificing [Allen's] First Amendment right to petition for redress of grievances (in the form of tort claims for damages and civil suit), his Fourth Amendment right to be free from unreasonable seizure of his person, and his Eighth Amendment right to be free from excessive fines

(*Id.* ¶ 43.) Defendants challenge each.

With regard to Allen's malicious prosecution claim based on a First Amendment, the FAC alleges that defendants sought a criminal conviction against Allen to deprive Allen of his "right to

4

petition the government for redress of grievances via suit for damages." (*Id*. ¶ 44.) Plaintiff's allegations are not sufficient to create a plausible inference that defendants sought a criminal conviction "for the purpose of denying" Allen's First Amendment rights. *See Awabdy*, 368 F.3d at 1066. The FAC fails to present a coherent theory as to how the initiation of criminal proceedings against Allen could plausibly operate to deprive him of his right to "petition the government for a redress of grievances via suit for damages" because inmates have standing to assert Section 1983 claims against the government. *See West v. Atkins*, 487 U.S. 42 (1988).

With regard to plaintiff's malicious prosecution claim based on deprivation of Fourth Amendment rights, the FAC alleges that initiation of criminal proceedings against Allen had the "ultimate effect of depriving Plaintiff of his liberty, including his right to be free from unreasonable seizure of his person through imprisonment or imposition of probation and/or parole." (FAC ¶ 44.) Plaintiff's First Claim for unreasonable seizure of persons under the Fourth Amendment alleges the same deprivation of constitutional rights, namely Allen's "Fourth Amendment right to be free from unreasonable seizure of his person." (*Id*. ¶ 31.) "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S at 273 (quoting *Graham v. Connor*, 490 U.S. at 395). "The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Id*. at 274. Further, the Supreme Court has "noted the Fourth Amendment's relevance to the deprivations of liberty that go hand in hand with criminal prosecutions." *Id.* (citing *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)). In *Albright*, the Court specifically held that plaintiff's right to be free from prosecution except upon probable cause was properly analyzed under the Fourth Amendment, not "substantive due process, with its 'scarce and open-ended' 'guideposts.'" *Id*. at 274 (quoting *Collins v. Harker Heights,* 503 U.S. 115 at 125 (1992)).

Finally, plaintiff avers that defendants initiated criminal prosecution against Allen to deprive him of his "Eight Amendment right to be free from excessive fines." (FAC ¶ 43.) The Court finds that plaintiff has not alleged facts supporting a reasonable inference that defendants

5

initiated criminal proceedings for the purpose of denying Allen's right to be free from excessive fines. The FAC does not allege that the County Deputies participated in the decision regarding fines or knew or had reason to know that criminal charges would result in "excessive" fines.

Defendants' motion as to Second Claim is therefore **GRANTED** with leave to amend under the state remedy available. With respect to any claim under Section 1983, leave is granted, to the extent possible, to allege facts showing a sufficient causal link between the initiation of criminal proceedings and a deprivation of Allen's First Amendment right to petition the government for redress via a suit for damages and/or to allege facts supporting a plausible inference that defendants initiated criminal proceedings for the purpose of imposing "excessive" fines on Allen. With respect to the alleged deprivation arising from the 14th Amendment, the motion is **GRANTED** without leave to amend as duplicative.

### B. Third Claim: Violation of State Constitutional Rights

Plaintiff's Third Claim alleges violations of rights to life, liberty, safety, happiness and privacy under Cal. Const. Article I, Section 1; Cal. Civ. Code Section 52.1 and Cal. Gov. Code Section 820(a). Plaintiff seeks "to recover damages in an amount to be proven at trial." (FAC ¶ 63.) Allen does not seek equitable relief. Defendants' position is that Allen's Third Claim is (i) not viable as a private cause of action as to all rights except the right to privacy and (ii) insufficiently pled and improperly requests monetary damages with regard to the alleged violation of the right to privacy. The Court first addresses plaintiff's Third Claim generally.

#### 1. Life, Liberty, Safety and Happiness

The California Constitution contains a "Declaration of Rights" which proclaims that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." California Cnst. Art. I, Sec. 1. "To create a private right of action, a constitutional provision must 'suppl[y] a sufficient rule by means of which the right given may be enjoyed and protected, or the duty imposed may be enforced.'" *Bates v. Arata*, 2008 WL 820578 at *4 (N.D. Cal. 2008), *order clarified sub nom*, *Bates v. San Francisco Sheriff's Dep't*, 2008 WL 961153 (N.D. Cal. 2008) (quoting *Clausing v. San Francisco Unified School*

6

*Dist.,* 221 Cal.App.3d 1224, 1237 (1990)). "A constitutional provision does not create a private right of action 'when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law.'" *Id*. (quoting *Clausing,* 221 Cal.App.3d at 1237).

Pursuant to Article I, Section 1, "all people . . . have inalienable rights." However, this constitutional provision "merely indicates principles" and "does not establish the means by which these inalienable rights may be enjoyed, defended, or otherwise given the force of law." *Bates*, 2008 WL 820578 at *4. "Accordingly, the Court does not recognize a private right of action for damages under Article I § 1." *Id*; *see also Stewart*, 2017 U.S. Dist. LEXIS 398 at *6.[2]

Plaintiff argues that California Civil Code Section 52.1 is "an appropriate statutory vehicle for recovery of damages for violation of the rights other than privacy protected by Article I, Section 1." (Opposition at 7.) Pursuant to Section 52.1(b):

> Any individual whose exercise or enjoyment of rights secured by . . . the Constitution or laws of this state, has been interfered with, or attempted to be interfered . . . may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct.

However, plaintiff cites no legal authority in support of his position that Section 52.1 offers a means to recover monetary damages for a violation of the rights protected by Article I, Section 1, nor is this Court not aware of any such authority. The argument thus fails. Accordingly, defendants' motion to dismiss Claim 3 based on alleged deprivations of the right to life, liberty,

---

[2] With regard to the rights to safety and happiness specifically, courts have held that "although safety and happiness are inalienable rights, [Article I, Section 1] of the [California] Constitution does not establish the means whereby they may be enjoined." *Katzberg v. Regents of the University of California*, 29 Cal.4th 300, fn. 15 (2002). "No case ever has held that this provision enunciating the inalienable right to obtain safety and happiness is self-executing in the sense that it gives rise, in and of itself, to a private right of action for damages . . . ." *Id*. Several federal courts have dismissed claims for deprivations of safety and happiness on this ground. *See Stewart,* 2017 U.S. Dist. LEXIS 398 at 1; *Bates*, 2008 U.S. Dist. LEXIS 23910 at 13-14.

1  safety, and happiness is **GRANTED** with leave to amend to allow plaintiff to bring a claim for
2  equitable relief.

### 2. Specific Claim of Right to Privacy

A "constitutional provision does not create a private right of action 'when it merely indicates principles, without laying down rules by means of which those principles may be given the force of law.'" *Id*. (quoting *Clausing,* 221 Cal.App.3d at 1237). Accordingly, federal and California state courts have held that Article I does "not recognize a private right of action for damages." *Bates*, 2008 WL 820578 at *4; *see also Stewart v. Smith*, 2017 U.S. Dist. LEXIS 398 at *6; *Clausing*, 221 Cal.App.3d at 1237.

With regard to plaintiff's claim of a right to privacy, California's "constitutional provision protecting the right of privacy is self-executing and supports a cause of action for an injunction." *Clausing,* 221 Cal. App. 3d at 1238 (citing *White v. Davis*, 13 Cal.3d 757, 775-776 (1975)). However, the "privacy provision affords only a right to injunctive relief and does not afford a right to damages." *Federated Univ. Police Officers' Ass'n v. Regents of the Univ. of Cal*., 2015 U.S. Dist. LEXIS 99147 at 39-40 (C.D. Cal. 2015) (citing *Clausing,* 221 Cal. App. 3d at 1238); *see also Katzberg*, 29 Cal. 4th at 314-15 (2002) ("The constitutional mandate is simply that the government is prohibited from violating the right; if it does, an aggrieved citizen may seek an injunctive remedy in court."). *Garcia*, a case cited by plaintiff in his opposition brief, undermines plaintiff's position that Article I, Section 1's privacy provision supports a private cause of action for damages. *See Garcia v. County of Fresno*, 2005 U.S. Dist. LEXIS 31624 at 13. There, the Court highlighted the lack of case law allowing damages relief for violations of the right to privacy. *See id*. Here, plaintiff seeks "to recover damages in an amount to be proven at trial." (FAC ¶ 63.) Because such damages are not available, the motion to dismiss is **GRANTED** with leave to amend to allow plaintiff to bring a claim for equitable relief, again, to the extent one exists.[3]

---

[3] Plaintiff's privacy claim fails for the additional reason that "an inmate of a jail ordinarily has no right of privacy." *Donaldson v. Superior Court* 35 Cal.3d 24, 31 (1983). Plaintiff argues that it is not "a reasonable expectation of privacy in jail that must be adjudged here, but a reasonable expectation of privacy in the circumstances." (Opposition at 6 (internal quotations and

8

### C. All Claims: Lawrence Matelli

Defendants argue generally that Matelli should be dismissed with prejudice because Allen fails to allege sufficient facts to support a claim against Matelli based on any of the legal theories asserted in the FAC.

With regard to plaintiff's First (Fourth Amendment), Fourth (battery), Fifth (false arrest and imprisonment), and Sixth (IIED) Claims, defendants contend that there are no allegations that Matelli participated in the arrest or touched Allen. Defendants do not persuade. The FAC states that Matelli, along with defendants Peterson and Hardeman, approached plaintiff while he was seated inside the fire truck. (FAC ¶ 17.) According to plaintiff, "Defendants led him away from the fire truck into the open roadway." (*Id*.) A verbal and physical altercation with Peterson and Hardeman followed during which Allen allegedly fell to the ground. (*Id*. ¶ 18.) Next, plaintiff alleges that he was "ordered by Defendants to get off the ground." (*Id*. ¶ 19.) "Defendants seized Plaintiff's person, handcuffed him, pushed and pulled him through the roadway and threw him into a patrol vehicle. . . ." (*Id*. ¶¶ 19, 75.) The alleged presence of Matelli alongside the other two defendant County Deputies that approached the fire truck, in addition to the allegations that the County Deputies handcuffed and forcibly threw Allen into the patrol car, are sufficient to raise a plausible inference that Matelli engaged in the conduced alleged in Claims 1, 4, 5 and 6. Therefore defendants' motion is **DENIED** as to dismissal of Matelli with regard to these claims.[4]

The Court notes while Allen's Second Claim for malicious prosecution under the Fourteenth Amendment fails on other grounds, the FAC does not currently allege the content of Matelli's allegedly false report or how this report harmed plaintiff. The Court finds that while the FAC alleges specific details regarding allegedly false information contained in Peterson's report, (*see id.* ¶ 23), the allegations against Matelli are too general.

---

citation omitted).) According to plaintiff, Allen should "never have been in jail in the first place, where, admittedly, an expectation of privacy is non-existent." (*Id*. at 7.) In light of plaintiff's concession that Allen's "expectation of privacy [was] non-existent while in jail," an appropriate amendment is difficult to imagine.

[4] Defendants do not offer any specific argument as to why the Seventh Claim (negligence) is insufficient as to Matelli. The Court declines to address an argument which appears to have been abandoned or not fully developed.

9

With regard to the Third Claim (rights under the California constitution), defendants argue that the FAC does not allege that Matelli was at the jail or played a role in the alleged deprivation of privacy. To the extent amended, the Court finds the allegations of the FAC regarding Matelli as one of the officers who "transported, or caused to be transported, the Plaintiff to the Sonoma County jail" are also too general.

**IV. CONCLUSION**

For the foregoing reasons, the Court Orders as follows:

1. Defendants' motion to dismiss is **GRANTED** as to Claim 2 with leave to amend under the state remedy available.

With respect to any claim under Section 1983, leave is granted to allege facts showing a sufficient causal link between the initiation of criminal proceedings and a deprivation of Allen's First Amendment right to petition the government for redress via a suit for damages and/or to allege facts supporting a plausible inference that defendants initiated criminal proceedings for the purpose of imposing "excessive" fines on Allen.

2. Defendants' motion to dismiss is **GRANTED** as to Claim 2 under the Fourth Amendment, without leave to amend as duplicative.

3. Defendants' motion to dismiss Claim 3 for relief under the California Constitution is **GRANTED** with leave to amend to allow plaintiff to bring a claim for equitable relief, again, to the extent one exists.

4. Defendants' motion is **DENIED** as to dismissal of Matelli with regard to Claims 1, 4 5, 6 and 7.

5. Claims 2 and 3 against Matelli are **DISMISSED** with leave to amend for the reasons stated above.

6. Plaintiff shall file a second amended complaint no later than **August 28, 2017**. Plaintiff shall provide the Court and defendants will a redlined version of said pleading.

//
//
//

10

7. Defendants shall respond by no later than **September 8, 2017**.

This order terminates Docket No. 33.

**IT IS SO ORDERED.**

Dated: August 18, 2017

*/s/ Yvonne Gonzalez Rogers*
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**